UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
DONNELL WASHINGTON, SR.,       )
                              )
       Plaintiff,           )
                              )
       v.             )  Civil Action No. 04-0559 (RBW)
                              )
DISTRICT OF COLUMBIA,        )
                              )
       Defendant.       )
_____)

MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 1983 (2000) by a prisoner proceeding *pro se*, the plaintiff alleges that he was "viciously attacked" by correctional officers on December 18, 2002, while confined at the District of Columbia Jail ("D.C. Jail"). Compl. at 4. He alleges that following his arrest, he "got into a verbal altercation" with three "D.C. officers . . . at processing [when] at least one of the officers" beat him. *Id* at 5. The plaintiff was treated at D.C. General Hospital, receiving over 30 stitches in his mouth and face. He alleges that he lost five teeth and was left with permanent injury to his mouth, neck and back. *Id*. The plaintiff sues the District of Columbia for $500,000 in damages.

The District of Columbia moves to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). In opposing the motion, the plaintiff moves to amend the complaint to add individual defendants. Upon consideration of the parties' submissions and the entire record, the Court will grant the District of Columbia's motion to dismiss, deem the plaintiff's amended complaint filed, and dismiss the claims against all but one of the newly named defendants.

*1.  The District of Columbia's Motion to Dismiss*

The District of Columbia asserts that the plaintiff has failed to state a claim of municipal liability.  A § 1983 claim is typically against an individual for the deprivation of "rights, privileges, or immunities secured by the Constitution and laws."[1]  42 U.S.C. § 1983.  A municipality may be liable for damages under § 1983 if it is shown that the  municipality was the "moving force" behind the constitutional violation by way of an unconstitutional policy, practice, or custom promulgated or sanctioned by the municipality.  *Carter v. District of Columbia*, 795 F.2d 116, 122 (D.C. Cir. 1986) (quoting  *Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658 , 694 (1978)); accord *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000); *Triplett v. District of Columbia*, 108 F.3d 1450, 1453 (1997); *Amons v. District of Columbia*, 231 F. Supp.2d 109, 113-15 (D.D.C. 2002).

The complaint reveals no basis for municipal liability.  In his opposition, the plaintiff claims only that the District of Columbia and high-level Department of Correction officials "have a dut[y] of responsibility to insure all inmates are not assaulted in any way, and rec[ei]ve lproper medical & dental care."  Plaintiff [sic] Opposition to Defendant District of Columbia [sic] Motion to Dismiss Complaint  [Dkt. # 15] at 2.  Recovery under section 1983 cannot be based on such theories, as suggested here, of *respondeat superior* or vicarious liability.  *Graham v. Davis*, 880 F.2d 1414, 1421 (D.C. Cir. 1989) (citation omitted); *Amons*, 231 F. Supp.2d at 115.  The plaintiff therefore fails to state a claim upon which relief may be granted against the District of Columbia.  The District of Columbia's motion to dismiss will therefore be granted.

---

[1]   Reading the complaint liberally, the plaintiff appears to claim excessive use of force in violation of the Eighth Amendment.

*2.  The Plaintiff's Amended Complaint*

In his motion to amend the complaint, the plaintiff seeks to add as defendants District of Columbia Department of Corrections Director Odie Washington, D.C. Jail Warden Steven A. Smith, Deputy Warden Dennis Harrison, and Correctional Officer William Bullock.  Because no responsive pleading has been filed, the plaintiff may amend his complaint once without leave of court.  *See* Fed. R. Civ. P. 15(a); *U.S. Information Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990) ("Motions for summary judgment or dismissal . . . do not constitute responsive pleadings that prevent a party from amending without leave of court").  The Court therefore deems the amended complaint filed.  Pursuant to 28 U.S.C. § 1915A (2000), however, the Court will dismiss the claims against all but one of the newly named defendants.

Under § 1915A, the Court is required to screen a prisoner's complaint and dismiss any claims that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915A.  Because a § 1983 claim is properly brought against an official only in his individual capacity, the plaintiff must allege that the defendant was personally and directly involved in the wrongful acts. *Cameron v. Thornburgh*, 983 F.2d 253, 258 (D.C. Cir. 1993).  Plaintiff does not allege any personal involvement by Washington, Smith or Harrison.  He therefore fails to state a claim upon which relief may granted against any of these defendants in their individual capacities.  *See id*. at 257-58 (dismissing claims against high-level policymakers "[i]n the absence of any allegations specifying [their] involvement").  Moreover, a lawsuit for damages against "municipal officials in their official capacities is [] equivalent to a suit against the municipality itself." *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted).  The complaint against Washington, Smith and Harrison therefore must be dismissed.

The plaintiff has identified Officer Bullock as the individual who allegedly assaulted him. He therefore has provided adequate notice of the claim he is making against Officer Bullock. *See* Fed. R. Civ. P. 8 (pleading requirements).  The Court therefore declines to dismiss the claims directed against Officer Bullock.

For the reasons set forth above, the District of Columbia's motion to dismiss is granted. In addition, the plaintiff's amended complaint is deemed filed, but the claims against all defendants other than Officer William Bullock are dismissed.[2]

_____s/_____
Reggie B. Walton
United States District Judge

Dated: March 21, 2006

---

[2]   A separate Order accompanies this Memorandum Opinion.